IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 06-cv-01433-RPM
(Criminal Case No. 01-cr-00395-RPM)

UNITED STATES OF AMERICA,

    Plaintiff / Respondent,

v.

1. JAMES FLOYD CLEAVER,

    Defendant / Movant.

_____

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
_____

    James Floyd Cleaver, who represented himself at trial, has filed a motion making a collateral attack on his conviction and sentence under 28 U.S.C. § 2255, claiming that he was denied effective assistance by his court-appointed attorney on appeal for her failure to raise issues which are of sufficient importance as to invalidate the trial proceedings.  The conviction and sentence were affirmed on direct appeal by an Order and Judgment entered by the Tenth Circuit Court of Appeals on December 6, 2005.

    Mr. Cleaver contends that the grand jury proceedings leading to his indictment were tainted by misconduct that resulted in fundamental unfairness.  *United States v. Lopez*-Gutierrez, 83 F.3d 1235 (10th Cir. 1996).  These claims were not made in this court before trial and, therefore, under *United States v. Mechanik,* 475 U.S. 66 (1986) the trial jury's verdict determining that the evidence heard at trial proved guilt beyond a reasonable doubt renders moot the question of whether the grand jury could properly

find probable cause for the indictment.  The contention now made is that the prosecutor knowingly presented perjured testimony to the grand jury through the Agents Petoskey and Sipes.  Agent Petoskey testified about a conversation between Mr. Cleaver and Scott Marshall.  Mr. Marshall was a witness at the trial and testified to the same comment related by Agent Petoskey.  He was cross-examined on that testimony and the jury apparently found it to be credible although the testimony was not of such significance to the verdict as to undermine it even if it was not believed.  The challenges with respect to Agent Sipes concerned another statement attributed to Mr. Shaffer concerning a threat made against Thomas Shaffer who had corroborated Mr. Cleaver's alibi before Mr. Shaffer became a cooperative witness in the investigation.  That statement was also substantially the same as that to which Mr. Marshall testified at trial and while the language is somewhat different, it is not of sufficient difference as to warrant a finding that it was perjured.  Similarly, Mr. Cleaver now asserts that Agent Sipes falsely testified about information from David Brown, known as King David, and that King David provided a false affidavit.  King David was not a witness at trial and his hearsay statements and affidavit provided to the grand jury would not affect the trial proceedings even if they were false and relied upon by the grand jury.  Mr. Cleaver also asserts perjured testimony by Agent Sipes when he testified that a co-conspirator, Ronald Sherman, heard the words "Go, Man, go!" during the fire whereas Sherman testified to a different phraseology to the same effect at trial.  Sherman was cross-examined by Mr. Cleaver on the point and said that he heard substantially that phrase but agreed that the specific words "Go, Man, go!" may have been suggested by the

agents. The exact phraseology is of little significance to the outcome of the case and even if the testimony could be considered as affecting the credibility of Sherman, there was sufficient corroboration by the testimony of another witness, a resident in the area. Another challenge to the testimony of Agent Sipes now made was his testimony to the grand jury concerning the plea agreements of Sherman and Shaffer and their effect. Although there is always the concern that the requirement of a plea agreement that the witness tell the truth might be considered improper vouching for the credibility of the witness, those agreements are admissible at trial and there could be no error in submitting such a statement to the grand jury.

Cleaver also asserts ineffective assistance of his appellate counsel in her failure to raise six claims of prosecutorial and witness misconduct in pretrial proceedings. Agent Petoskey is again attacked for testimony given in a suppression hearing held on January 16, 2003, with respect to his opinion of Marshall's credibility. Such testimony had no effect on the issues at the hearing. It was received with respect to the sufficiency of Agent Petoskey's affidavit in support of a search warrant which had been challenged.

The defendant/movant makes much of the failure of the prosecutor to produce audio recordings of conversations. The assertion is that there must have been a recording of the conversation between Shaffer and King David, that, again, King David never testified at trial and the supposedly recorded conversation was not a part of the evidence in the case. The other assertions regarding the failure to produce audio recordings sufficiently before trial are matters which were raised and determined on

direct appeal. Cleaver also asserts prosecutorial misconduct in the failure to identify two witnesses as government informants but those witnesses were identified before trial and cross-examination and there is nothing to suggest that they were paid informants.

The remaining claims of prosecutorial misconduct during the trial are without merit. They again assert the presentation of perjured testimony but the challenged testimony has not been shown to be false. The final claim is to the prosecutor's opening statement referring to King David as an expected witness. As previously noted, King David did not testify because he had fled the state and could not be subpoenaed. This Court instructed the jury that opening statements could not be considered as evidence and there is no basis to believe that the jury relied on anything contained in the opening statement contrary to the evidence actually presented to the jury.

    Mr. Cleaver's trial was conducted fairly and his conviction depended upon the jurors' assessment of the credibility of witnesses who participated in the crime. That is the jury's province and responsibility and there is nothing to suggest that there was any improper influence on the jury in reaching their verdict.

    Because there is no merit to the claims which Mr. Cleaver asserts should have been but were not raised by his appellate counsel, making her service ineffective, there can be no relief granted on that ground. It is therefore

ORDERED that the motion for relief under 28 U.S.C. § 2255 is denied.

DATED: July 25th , 2006.

                          BY THE COURT:

                          s/Richard P. Matsch
                          _____
                          Richard P. Matsch, Senior Judge